IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STANISLAUS LAWRENCE LAKTAS,<br><br>Plaintiff,<br><br>v.<br><br>WEXFORD HEALTH SOURCES, INC., DR. VIPIN SHAH, DR. MICHAEL SCOTT, DR. ALBERTO BUTALID, CHRISTINE BROWN, DR. RODERICK MATTICKS, and LOUIS SHICKER,[1]<br><br>Defendants. | Case No. 18-cv-1299-NJR-RJD |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on a Report and Recommendation of United States Magistrate Judge Reona J. Daly (Doc. 69), which recommends that the Motion for Summary Judgment Based on Exhaustion filed by Defendants Dr. Alberto Butalid, Dr. Roderick Matticks, Dr. Michael Scott, Dr. Vipin Shah, and Wexford Health Sources, Inc. be denied and the Motion for Summary Judgment on the Issue of Exhaustion filed by Defendants Christine Brown and Louis Shicker be granted in part and denied in part.

The Report and Recommendation was entered on March 29, 2019. Defendants Dr. Butalid, Dr. Matticks, Dr. Scott, Dr. Shah, and Wexford have filed an Objection to the Report and Recommendation (Doc. 70). Plaintiff Stanislaus Lawrence Laktas ("Laktas") has filed a Response to that Objection (Doc. 71).

---

[1] The Clerk's Office is **DIRECTED** to update the docket sheet to reflect the true and accurate names of the defendants as set forth in the caption and first paragraph of this Order.

## BACKGROUND

Laktas, an inmate of the Illinois Department of Corrections ("IDOC"), was incarcerated at Pinckneyville Correctional Center ("Pinckneyville") at the time he initiated this action. Laktas proceeds on the following counts:

**Count 1**: Eighth Amendment deliberate indifference claim against Dr. Shah, Dr. Scott, and Dr. Butalid, for failing to provide treatment for Laktas's pain, including failing to request servicing of his implanted neurostimulation device;

**Count 2**: Eighth Amendment deliberate indifference claim against Dr. Shah, Dr. Scott, Dr. Butalid, and Dr. Matticks for failing to refer Laktas for carpal tunnel surgery;

**Count 3**: Eighth Amendment deliberate indifference claim against Wexford for failing to have Laktas's implant serviced, and for delaying and failing to approve Laktas's recommended carpal tunnel surgery;

**Count 4**: Eighth Amendment deliberate indifference claim against Brown and Shicker, for failing to take any action to assist Laktas in obtaining pain relief or servicing of his neurostimulation implant after Laktas wrote to them about the other Defendants' lack of care; and against Shicker for failing to take action regarding Laktas's need for carpal tunnel surgery.

On January 28, 2019, Defendants Dr. Butalid, Dr. Matticks, Dr. Scott, Dr. Shah, and Wexford (the "Wexford Defendants") filed a Motion for Summary Judgment based on failure to exhaust administrative remedies (Docs. 56 and 57) arguing that Laktas's grievances were untimely and the continuing violation doctrine does not apply. On February 13, 2019, Defendants Brown and Shicker filed Motion for Summary Judgment based on failure to exhaust administrative remedies (Docs. 61 and 62) arguing that Laktas did not specifically name them in the grievances and the grievances he filed were untimely.

## THE REPORT AND RECOMMENDATION

Judge Daly recommends denying the motion for summary judgment filed by the Wexford Defendants and granting in part and denying in part the motion for summary judgment filed by Defendants Brown and Shicker. Judge Daly found the following grievances to be relevant to the issue of exhaustion of administrative remedies: December 29, 2014 grievance; December 31, 2015 grievance; and February 11, 2018 grievance.

Judge Daly noted that all of these grievances were denied by the Administrative Review Board ("ARB") as untimely because they were submitted outside the 60-day timeframe outlined in Department Rule 504. Judge Daly found that, because Laktas was complaining of the ongoing denial of medical treatment, the continuing violation doctrine does not require that he file a grievance within 60 days of the first violation, rather a grievance can be filed at any time, as long as the violation continues. Because the alleged violations were continual, Judge Daly concluded that the grievances filed on December 29, 2014, December 31, 2015, and February 11, 2018 were timely filed. Thus, she recommends denying summary judgment as to the Wexford Defendants.

Judge Daly recognized, however, that Defendant Shicker was not named or identified in any of these grievances. Thus, she recommends granting summary judgment as to Defendant Shicker based on Laktas's failure to exhaust his administrative remedies against her.

## DISCUSSION

The Wexford Defendants filed a timely objection to portions of the Report and Recommendation (Doc. 70). Laktas has filed a response to this objection (Doc. 71). When

timely objections are filed, the Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). This requires the Court to look at all evidence contained in the record and give fresh consideration to those issues to which specific objections have been made and make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Harper*, 824 F.Supp. at 788 (citing 12 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)); *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). If only a "partial objection is made, the district judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper,* 824 F. Supp. at 788.

The Wexford Defendants object to Judge Daly's application of the continuing violation doctrine as a basis to find that Laktas was not required to file a grievance within 60 days as required by the Illinois Administrative Code. The Wexford Defendants argue that the continuing violation doctrine cannot be triggered until a plaintiff has complied with the grievance process on at least one occasion.

The continuing violation doctrine provides that prisoners do not need to file multiple, successive grievances when they are complaining about the same issue if it is continuing. *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013). Instead, a grievance may be sufficient when it provides the prison with notice and an opportunity to correct the problem. *Id*. In the deliberate indifference context, the Seventh Circuit has found that the

refusal to treat a medical condition can be a continuing violation for each day that the prison authorities had the power to correct it. *Heard v. Sheahan*, 233 F.3d 316, 318 (7th Cir. 2001).

In *Turley*, the defendants argued that the plaintiff's February 2009 grievance was insufficient to exhaust the plaintiff's claims under the Eighth Amendment alleging repeated frivolous lockdowns because some of the lockdowns at issue occurred in 2008, and the prison required grievances to be filed within 60 days of the occurrence. *Id*. The defendants further argued that the plaintiff's later two grievances, which he had not received a response to at the time he filed suit, were also insufficient to exhaust his administrative remedies. *Id*.

The Seventh Circuit ultimately concluded that the plaintiff did not have to grieve each separate lockdown incident since his complaint was based on an ongoing constitutional violation. *Id*. The plaintiff's "complaints centered around continuing prison policies . . . and one occurrence of notice from [the plaintiff] was sufficient to give the prison a chance to correct the problems." *Id*. Thus, the February 2009 grievance was sufficient to exhaust all of the plaintiff's complaints. *Id*. The Seventh Circuit found that the defendants' "argument that [the plaintiff's] latter two grievances—those to which he had not received a response when he filed suit- were not exhausted is unpersuasive since the original grievance suffices." *Id*.

Laktas's complaints of the ongoing denial of medical treatment concern continuing actions. The nature of these allegations are that the defendants repeatedly denied him medical treatment regarding his spinal cord and carpel tunnel issues. Thus, Laktas did not need to file "multiple, successive grievances raising the same issue," but

rather Laktas satisfies his exhaustion requirement "once [the] prison has received notice of, and an opportunity to correct [the] problem." *Turley*, 729 F.3d at 650. Even though the grievances were ultimately denied by the ARB as being outside the 60-day timeframe, they still accomplished the purpose of the exhaustion requirement by alerting staff to the problem and giving them the opportunity to resolve it before being sued. Additionally, it was improper for the ARB to find that these grievances were untimely because Laktas could have begun the grievance process at any time that the denial of medical care was ongoing. *See, e.g.*, *Ramirez v. Fahim*, Case No. 12-cv-1197-MJR-SCW, 2013 WL 12181943, at *3 (S.D. Ill. Dec. 20, 2013) (concluding that prison improperly determined the plaintiff's grievance to be untimely because the plaintiff could have begun the grievance process at any time that the denial of medical care was ongoing); *see, e.g. Arnold v. Butler*, Case No. 17-cv-79-SMY-RJD, 2018 WL 966540, at *3 (S.D. Ill. Feb. 20, 2018) ("When a continuing violation occurs, the plaintiff can file a grievance at any time, as long as the violation continued.").

The Wexford Defendants argue that this case is distinguishable from *Turley* because, in *Turley*, there was at least one fully exhausted grievance. In this case, Laktas appealed his grievances all the way to the ARB, but his grievances were denied on the basis that they were not originally filed within the 60-day timeframe. As explained above, the Court finds that the grievances sufficiently put Defendants on notice of the problem, giving them the opportunity to correct it. Thus, the Court feels it appropriate to apply the continuing violation doctrine under these particular facts, and the Wexford Defendants have not cited any controlling case that specifically holds otherwise.

Thus, the Court overrules the objection filed by the Wexford Defendants and

rather Laktas satisfies his exhaustion requirement "once [the] prison has received notice of, and an opportunity to correct [the] problem." *Turley*, 729 F.3d at 650. Even though the grievances were ultimately denied by the ARB as being outside the 60-day timeframe, they still accomplished the purpose of the exhaustion requirement by alerting staff to the problem and giving them the opportunity to resolve it before being sued. Additionally, it was improper for the ARB to find that these grievances were untimely because Laktas could have begun the grievance process at any time that the denial of medical care was ongoing. *See, e.g.*, *Ramirez v. Fahim*, Case No. 12-cv-1197-MJR-SCW, 2013 WL 12181943, at *3 (S.D. Ill. Dec. 20, 2013) (concluding that prison improperly determined the plaintiff's grievance to be untimely because the plaintiff could have begun the grievance process at any time that the denial of medical care was ongoing); *see, e.g. Arnold v. Butler*, Case No. 17-cv-79-SMY-RJD, 2018 WL 966540, at *3 (S.D. Ill. Feb. 20, 2018) ("When a continuing violation occurs, the plaintiff can file a grievance at any time, as long as the violation continued.").

The Wexford Defendants argue that this case is distinguishable from *Turley* because, in *Turley*, there was at least one fully exhausted grievance. In this case, Laktas appealed his grievances all the way to the ARB, but his grievances were denied on the basis that they were not originally filed within the 60-day timeframe. As explained above, the Court finds that the grievances sufficiently put Defendants on notice of the problem, giving them the opportunity to correct it. Thus, the Court feels it appropriate to apply the continuing violation doctrine under these particular facts, and the Wexford Defendants have not cited any controlling case that specifically holds otherwise.

Thus, the Court overrules the objection filed by the Wexford Defendants and

adopts Judge Daly's Report and Recommendation on this point.

After conducting a *de novo* review of Defendants' objection to Judge Daly's Report and Recommendation and a clear error review of the remaining unobjected portions, the Court finds that summary judgment should be granted as to Defendant Shicker and denied as to all other defendants.

Finally, Laktas has filed a "Motion for Judicial Notice Pursuant to Federal Rules of Evidence 201(b)." (Doc. 72). In this motion, he expresses concern that he has missed possible court filings and does not want the Court to dismiss his complaint for failure to prosecute. He also asks the Court to issue an order relating to the pending Report and Recommendation. The Court confirms with Laktas that the last filing (prior to his "Motion for Judicial Notice"), was his Response to the Wexford Defendants' Objection filed at Doc. 71- so he has not missed any filings. Since the Court has now issued its ruling, Laktas's motion is denied as moot.

## Conclusion

For these reasons, the Court **ADOPTS** Magistrate Judge Daly's Report and Recommendation (Doc. 69), **OVERRULES** Defendants' Objection (Doc. 70), **DENIES** the Motion for Summary Judgment filed by Defendants Dr. Butalid, Dr. Matticks, Dr. Scott, Dr. Shah, and Wexford (Docs. 56 and 57) and **GRANTS in part and DENIES in part** the Motion for Summary Judgment filed by Defendants Brown and Shicker (Docs. 61 and 62). Defendant Shicker is **DISMISSED without prejudice** for failure to exhaust administrative remedies. Laktas's Motion for Judicial Notice (Doc. 72) is **DENIED as moot**.

The following claims remain in this case:

**Count 1**:  Eighth Amendment deliberate indifference claim against Dr. Shah, Dr. Scott, and Dr. Butalid, for failing to provide treatment for Laktas's pain, including failing to request servicing of his implanted neurostimulation device;

**Count 2**:  Eighth Amendment deliberate indifference claim against Dr. Shah, Dr. Scott, Dr. Butalid, and Dr. Matticks for failing to refer Laktas for carpal tunnel surgery;

**Count 3**:  Eighth Amendment deliberate indifference claim against Wexford for failing to have Laktas's implant serviced, and for delaying and failing to approve Laktas's recommended carpal tunnel surgery;

**Count 4**:  Eighth Amendment deliberate indifference claim against Brown for failing to take any action to assist Laktas in obtaining pain relief or servicing of his neurostimulation implant after Laktas wrote to them about the other Defendants' lack of care.

Finally, the Clerk of Court is **DIRECTED** to change Defendants' names in accordance with footnote 1.

**IT IS SO ORDERED.**

**DATED:**   August 20, 2019

*[Signature: Nancy J. Rosenstengel]*

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**